UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

| | |
|---|---|
| DARLENE P. NIESWENDER, | )<br>) |
| Plaintiff, | ) Case No. 1:08-cv-294<br>) |
| v. | ) Honorable Janet T. Neff<br>) |
| COMMISSIONER OF<br>SOCIAL SECURITY, | )<br>)<br>) **REPORT AND RECOMMENDATION** |
| Defendant. | ) |

This is a social security action brought under 42 U.S.C. § 405(g), seeking review of a final decision of the Commissioner of Social Security finding that plaintiff was not entitled to disability insurance benefits (DIB). On October 14, 2004, plaintiff filed her application for benefits, alleging a July 22, 2003 onset of disability. (A.R. 38-40). Plaintiff's claim was denied on initial review. (A.R. 24-29). On October 18, 2007, plaintiff received a hearing before an administrative law judge (ALJ) at which she was represented by counsel. (A.R. 502-37). On November 29, 2007, the ALJ issued a decision finding that plaintiff was not disabled. (A.R. 11-20). On February 28, 2008, the Appeals Council denied review (A.R. 4-6), and the ALJ's decision became the Commissioner's final decision.

On March 27, 2008, plaintiff filed her complaint seeking judicial review of the Commissioner's decision denying her claim for SSI benefits. The issues raised by plaintiff are as follows:

I. The ALJ committed reversible error by not properly considering the opinion of plaintiff's treating physician.

> II. The ALJ did not have substantial evidence supporting his finding that plaintiff could have performed sedentary work.
>
> III. The ALJ erred in failing to give plaintiff the presumption of credibility that her record deserved.

(Plf. Brief at 15, docket # 8). Upon review, I find that plaintiff's arguments do not provide a basis for disturbing the Commissioner's decision. I recommend that the Commissioner's decision be affirmed.

## **Standard of Review**

When reviewing the grant or denial of social security benefits, this court is to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner correctly applied the law. *See Elam ex rel. Golay v. Commissioner*, 348 F.3d 124, 125 (6th Cir. 2003); *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Substantial evidence is defined as "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Heston v. Commissioner*, 245 F.3d 528, 534 (6th Cir. 2001) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *see Rogers v. Commissioner*, 486 F.3d 234, 241 (6th Cir. 2007). The scope of the court's review is limited. *Buxton*, 246 F.3d at 772. The court does not review the evidence *de novo*, resolve conflicts in evidence, or make credibility determinations. *See Walters v. Commissioner*, 127 F.3d 525, 528 (6th Cir. 1997). "The findings of the [Commissioner] as to any fact if supported by substantial evidence shall be conclusive . . . ." 42 U.S.C. § 405(g); *see McClanahan v. Commissioner*, 474 F.3d 830, 833 (6th Cir. 2006). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. . . . This is so because there is a 'zone of choice' within

which the Commissioner can act without fear of court interference." *Buxton*, 246 F.3d at 772-73. "If supported by substantial evidence, the [Commissioner's] determination must stand regardless of whether the reviewing court would resolve the issues of fact in dispute differently." *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993); *see Smith v. Chater*, 99 F.3d 780, 782 (6th Cir. 1996) ("[E]ven if the district court -- had it been in the position of the ALJ -- would have decided the matter differently than the ALJ did, and even if substantial evidence also would have supported a finding other than the one the ALJ made, the district court erred in reversing the ALJ."). "[T]he Commissioner's decision cannot be overturned if substantial evidence, or even a preponderance of the evidence supports the claimant's position, so long as substantial evidence also supports the conclusion reached by the ALJ." *Jones v. Commissioner*, 336 F.3d 469, 477 (6th Cir. 2003); *see Warner v. Commissioner*, 375 F.3d 387, 390 (6th Cir. 2004).

**Discussion**

The ALJ found that plaintiff met the disability insured requirement of the Social Security Act from her alleged onset of disability of July 22, 2003, through the date of the ALJ's decision. Plaintiff had not engaged in substantial gainful activity since her alleged onset of disability. (A.R. 13). The ALJ found that plaintiff had the severe impairments of degenerative disc disease and spondylosis of the cervical and lumbar spine, fibromyalgia, arthritis and torn tendon of the right shoulder, plantar fascitis/tarsal tunnel syndrome, and monoclonal gammopathy. (A.R. 13). Plaintiff did not have an impairment or combination of impairments which met or equaled the requirements of the listing of impairments. (A.R. 16). The ALJ found that plaintiff retained the following residual functional capacity (RFC):

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to lift and carry a maximum of ten pounds occasionally and less than ten pounds frequently. In an eight-hour workday, the claimant can stand or walk for two hours and sit for at least six hours. She needs the option to change position every 20 to 30 minutes. The claimant can only occasionally climb ladders, scaffolds, ropes, ramps or stairs; and only occasionally stoop, crouch, crawl or squat. She can only occasionally bend, twist or turn her neck. She can only occasionally reach overhead with her right upper extremity. The claimant should avoid concentrated exposure to extreme heat, extreme cold, humidity or vibration. She should never use air, pneumatic or vibratory tools.

(A.R. 16). The ALJ found that plaintiff's testimony regarding her subjective limitations was not fully credible:

> The claimant testified that she has constant low back, feet and leg pain. She stated that she can walk 10 to 15 minutes, stand for five minutes, sit for ten minutes and lift ten pounds. The claimant testified that she reads 20 to 30 minutes at a time. She stated that she has interrupted sleep at night due to pain. The claimant testified she takes care of her own personal grooming, prepares meals, dusts, does laundry, uses a computer and attends church. She stated that she has more bad days than good days. The claimant testified she uses a TENS unit once a day for 15 to 20 minutes at a time.
>
> After considering the evidence of record, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to produce the alleged symptoms, but that the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible.
>
> The claimant testified she can only stand for five minutes, but reported earlier she went shopping for one hour (Exhibit 6E) [A.R. 99]. The claimant testified that she can only sit for 10 minutes, but sat more than 45 minutes during the hearing without apparent difficulty. She testified that she flew to Florida in April 2007. The claimant did not appear to be in any discomfort or pain during the hearing.
>
> * * *
>
> The medical records establish that the claimant has degenerative disc disease and spondylosis of the cervical and lumbar spine; fibromyalgia; arthritis and torn tendon of the right shoulder; plantar fasciitis/tarsal tunnel syndrome; and monoclonal gammopathy. However, in May 2003, EMG testing revealed only mild tarsal tunnel syndrome bilaterally (Exhibit 2F)[A.R. 149-51]. In January 2004, the claimant reported her neck and back pain decreased significantly due to physical therapy (Exhibit 8F)[A.R. 205]. In February 2004, Dr. Liechty averred that the claimant had good strength in the hips, knees, feet and ankles. Dr. Liechty stated that the claimant was able to single toe walk, heel walk, stand independently on either

leg, and do deep knee bends (Exhibit 5F)[A.R. 165-68]. In April 2004, Dr. Horak indicated that the claimant's neurological examination was grossly within normal limits. Dr. Horak concluded that the claimant showed no evidence of nerve entrapment, radiculopathy or neuropathy (Exhibit 7F)[A.R. 181-84]. Dr. Milcu noted the claimant moved with ease during [her] examination in April 2004. Dr. Milcu stated the claimant was able to get on and off the examining table and her gait and stance were normal. Dr. Milcu concluded that the claimant had only mild spondylosis (Exhibit 23F)[A.R. 382-85]. In April 2005, the claimant reported that she rode her stationary bike daily (Exhibit 34F)[A.R. 447-49]. EMG testing of the claimant's lower and upper extremities in September 2006 was essentially normal. (Exhibit 32F)[A.R. 433-38]. In June 2007 Dr. Whorf noted that laboratory work showed n clear evidence of a significant amount of [the monoclonal gammopathy of undetermined significance (MGUS)] disease. (Exhibit 27F)[A.R. 406-07]. The record also documents the claimant is able to perform a wide range of activities of daily living. For instance, she uses her computer every day and went to Florida for two months in early 2007.

> The record also disclosed that the claimant has not been fully compliant with her medical treatment. Although it has been recommended by numerous medical sources that the claimant quit smoking, she has failed to do so.

(A.R. 17-18). The ALJ found that plaintiff was not capable of performing her past relevant work. (A.R. 18). Plaintiff was forty-eight years old as of her alleged onset of disability. She was classified as a younger individual until she reached age fifty on July 30, 2005. On and after that date, plaintiff was classified as a person closely approaching advanced age. (A.R. 18). Plaintiff has a high school education and is able to communicate in English. (A.R. 19). The ALJ found that plaintiff had transferable work skills:

> The vocational expert testified that the claimant's past relevant work as a licensed practical nurse was skilled with a specific vocational preparation (SVP) code of 5-10. The claimant's past relevant work as a home health aide was semi-skilled with an SVP of 3-4. These positions required the following skills: knowledge of the health care system, medical terminology and record keeping.

(A.R. 19). The ALJ then turned to the testimony of a vocational expert (VE). In response to a hypothetical question regarding a person of plaintiff's age, and with her RFC, education, and work experience and transferrable skills, the VE testified that there were approximately 6300 jobs in

Michigan and 180,000 jobs in the national economy that the hypothetical person would be capable of performing.[1] (A.R. 533-35). The ALJ held that this constituted a significant number of jobs. Using Rules 201.15 and 201.22 of the Medical-Vocational Guidelines as a framework, the ALJ found that plaintiff was not disabled. (A.R. 11-20).

**1.**

Plaintiff argues that the ALJ committed reversible error by not properly considering the opinions found in the October 11, 2007 statement taken by her attorney from Robert W. Shurmur, D.O., a treating physician. (Plf. Brief at 15-17). When asked for his diagnosis of plaintiff's condition, Dr. Shurmur responded, "From my records, she has evidence of fibromyalgia, carpal tunnel, degenerative disc disease, a history of rotator cuff tears and abnormalities, obstructive sleep apnea, and monoclonal gammopathy with uncertain significance." (A.R. 485). Plaintiff's attorney then asked Dr. Shurmur whether he had an opinion "as to whether [plaintiff could] work regularly and consistently, and by that [] mean[ing] 8 hours a day, 5 days a week, week after week[.]" (A.R. 485). Dr. Shurmur responded, "I would say she would be unlikely to maintain gainful employment." (A.R. 486). When asked what conditions he thought would contribute to plaintiff's inability to maintain employment, Dr. Shurmur responded as follows: "Her fibromyalgia symptoms and diffuse myofascial pain throughout her axial neck and appendicular skeletal region, and her arthritic symptoms in her neck and low back will likely limit her ability to maintain employment." (A.R. 486). Dr. Shurmur conceded that he had not performed a "disability evaluation from the

---

[1]The VE testified that there were 3,500 admitting clerk and 2,800 registration clerk positions in the region. (A.R. 533). The 5600 figure appearing on page nine of the ALJ's opinion (A.R. 19) is a 700-job understatement in plaintiff's favor.

standpoint of what she can lift, whether she can lift, and how long she can do those kinds of activities." (A.R. 487).

The ALJ's opinion includes a chronological summary of the medical care plaintiff received since her July 22, 2003 car accident. (A.R. 13-15). He observed that Dr. Shurmur did not begin treating plaintiff until June 2004:

> In June of 2004, the claimant was evaluated by Robert Shurmur, D.O., a rheumatologist. Dr. Shurmur noted that the claimant had 18 of 18 fibromyalgia tender points. Dr. Shurmur stated that the claimant had decreased range of motion of the cervical spine and lumbar spine. Dr. Shurmur stated the claimant had a decreased ability to actively internally rotate and abduct her right shoulder. The claimant's treatment consisted of medication and physical therapy.

(A.R. 14). Later in his opinion, the ALJ found that Dr. Shurmur's statement was entitled to little weight because the issue of disability is reserved to the Commissioner and the proffered restrictions were not supported by the record as a whole:

> As for the opinion evidence, Dr. Shurmur opined that it would be unlikely that the claimant would be able to maintain gainful employment. (Exhibit 36F)[A.R. 485-88]. This opinion is not explained by Dr. Shurmur's treatment records or supported by the record as a whole. Therefore, the undersigned assigns only minimal weight to this opinion. In addition, the issue of disability is ultimately reserved for the Commissioner.

(A.R. 18).

The issue of whether the claimant is disabled within the meaning of the Social Security Act is reserved to the Commissioner and a treating physician's opinion that a patient is disabled is not "giv[en] any special significance." 20 C.F.R. § 404.1527(e); *see Warner v. Commissioner*, 375 F.3d 387, 390 (6th Cir. 2004); *see also Deaton v. Commissioner*, 315 F. App'x 595, 598 (6th Cir. 2009). Likewise, "no special significance" is attached to treating physician opinions regarding the credibility of the plaintiff's subjective complaints, RFC, or whether the plaintiff's impairments meet or equal the requirement of a listed impairment because they are

administrative issues reserved to the Commissioner. 20 C.F.R. § 404.1527(e); *see Allen v. Commissioner*, 561 F.3d 646, 652 (6th Cir. 2009); *Deaton*, 315 F. App'x at 598; *Warner*, 375 F.3d at 390. Thus, Dr. Shurmur's opinions that the plaintiff would be "unlikely to maintain gainful employment" and his opinion regarding the credibility of plaintiff's subjective complaints were not entitled to any special significance under the social security regulations.

It is the ALJ's job to resolve conflicting medical evidence. *See Richardson v. Perales*, 402 U.S. 389, 399 (1971); *Mitchell v. Commissioner*, No. 08-6244, 2009 WL 1531879, at * 3 (6th Cir. June 2, 2009); *Martin v. Commissioner*, 170 F. App'x 369, 373 (6th Cir. 2006). Judicial review of the Commissioner's final administrative decision does not encompass resolving such conflicts. *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007) *Walters v. Commissioner*, 127 F.3d at 528; *see Price v. Commissioner*, No. 08-4210, 2009 WL 2514079, at * 2 (6th Cir. Aug. 19, 2009). The treatment relationship is one of the factors that the ALJ considers in determining what weight to give a medical opinion. Generally, more weight is given to the medical opinions of treating sources. 20 C.F.R. § 404.1527(d)(2). If the ALJ finds that the treating source's opinion on the issues of the nature and severity of the claimant's impairments is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the case, the social security regulations specify that the ALJ is to give the medical opinion controlling weight. *Id.*; *see McGrew v. Commissioner*, No. 08-4561, 2009 WL 2514081, at * 3 (6th Cir. Aug. 19, 2009); *Hensley v. Astrue*, 573 F.3d 263, 266 (6th Cir. 2009); *White v. Commissioner*, 572 F.3d 272, 285-86 (6th Cir. 2009). A treating physician's opinion is not entitled to controlling weight where it is not "well-supported by medically acceptable clinical and laboratory diagnostic techniques" or is "inconsistent with the other substantial evidence in [the] case

record." 20 C.F.R. § 404.1527(d)(2); *see Cox v. Commissioner*, 295 F. App'x 27, 35 (6th Cir. 2008) ("This court generally defers to an ALJ's decision to give more weight to the opinion of one physician than another, where, as here, the ALJ's opinion is supported by evidence that the rejected opinion is inconsistent with the other medical evidence in the record."). The ALJ "is not bound by conclusory statements of doctors, particularly where they are unsupported by detailed objective criteria and documentation." *Buxton*, 246 F.3d at 773; *see Kidd v. Commissioner*, 283 F. App'x 336, 340 (6th Cir. 2008). An opinion that is based on the claimant's reporting of her symptoms is not entitled to any particular weight. *See Young v. Secretary of Health & Human Servs.*, 925 F.2d 146, 151 (6th Cir. 1990); *see also Mitchell v. Commissioner*, 2009 WL 1531879, at * 5-6; *Smith v. Commissioner*, 482 F.3d 873, 876-77 (6th Cir. 2007).

Even when a treating source's medical opinion is not given controlling weight because it is not well-supported by medically acceptable clinical and laboratory diagnostic techniques or is inconsistent with other substantial evidence in the record, the opinion should not necessarily be completely rejected; the weight to be given to the opinion is determined by a set of factors, including treatment relationship, supportability, consistency, specialization, and other factors. *See Titles II and XVI: Giving Controlling Weight to Treating Source Medical Opinions*, SSR 96-2p (reprinted at 1996 WL 374188 (SSA July 2, 1996)); 20 C.F.R. §§ 404.1527(d), 416.927(d); *Martin v. Commissioner*, 170 F. App'x 369, 372 (6th Cir. 2006); *see also Anthony v. Astrue*, 266 F. App'x 451, 458-59 (6th Cir. 2008).

The Sixth Circuit has held that claimants are "entitled to receive good reasons for the weight accorded their treating sources independent of their substantive right to receive disability benefits." *Smith v. Commissioner*, 482 F.3d at 875-76; *see Allen v. Commissioner*, 561 F.3d 646,

651 (6th Cir. 2009); *Wilson v. Commissioner*, 378 F.3d 541, 544 (6th Cir. 2004). "The procedural requirement exists, in part, for claimants to understand why the administrative bureaucracy deem them not disabled when physicians are telling them that they are." *Smith*, 482 F.3d at 876. Upon review, I find no violation of the treating physician rule. The ALJ's decision is supported by more than substantial evidence and the ALJ complied with the procedural requirement of providing "good reasons" for the weight he gave to Dr. Shurmur's opinion.

**2.**

Plaintiff argues that the ALJ erred in failing to give plaintiff the "presumption of credibility" that her record deserved. (Plf. Brief at 17; *see* Reply Brief at 2, docket # 12). The Sixth Circuit has never held that a social security benefits claimant is entitled to a "presumption of credibility." It is the ALJ's function to determine credibility issues, *see Siterlet v. Secretary of Health & Human Servs.*, 823 F.2d 918, 920 (6th Cir. 1987), and the claimant's work history is only one of the many factors that the ALJ can consider in making his credibility determination. *See* 20 C.F.R. § 404.1529. The ALJ adequately considered plaintiff's work history. (A.R. 18-20). I find no legal or factual basis for any "presumption of credibility."

Further, the court does not make its own credibility determinations. *See Walters v. Commissioner*, 127 F.3d at 528; *see McGlothlin v. Commissioner*, 299 F. App'x 516, 523-24 (6th Cir. 2008). The court cannot substitute its own credibility determination for the ALJ's. The court's "review of a decision of the Commissioner of Social Security, made through an administrative law judge, is extremely circumscribed . . . ." *Kuhn v. Commissioner*, 124 F. App'x 943, 945 (6th Cir. 2005). The Commissioner's determination regarding the credibility of a claimant's subjective

complaints is reviewed under the deferential "substantial evidence" standard. "Claimants challenging the ALJ's credibility determination face an uphill battle." *Daniels v. Commissioner*, 152 F. App'x 485, 488 (6th Cir. 2005). "Upon review, [the court must] accord to the ALJ's determinations of credibility great weight and deference particularly since the ALJ has the opportunity, which [the court] d[oes] not, of observing a witness's demeanor while testifying." *Jones*, 336 F.3d at 476. "The ALJ's findings as to a claimant's credibility are entitled to deference, because of the ALJ's unique opportunity to observe the claimant and judge her subjective complaints." *Buxton v. Halter*, 246 F.3d at 773. "Since the ALJ has the opportunity to observe the demeanor of the witness, his conclusions with respect to credibility should not be discarded lightly and should be accorded deference." *Casey v. Secretary of Health & Human Servs.*, 987 F.2d 1230, 1234 (6th Cir. 1993); *see White v. Commissioner*, 572 F.3d 272, 287 (6th Cir. 2009). I find that the ALJ's credibility determination regarding plaintiff's subjective complaints is supported by more than substantial evidence.

Plaintiff argues that the ALJ applied an improper "sit and squirm" test in making his credibility determination. (Plf. Brief at 15, 18; Reply Brief at 2). This argument is not well taken. The ALJ's opinion contains a lengthy discussion of plaintiff's subjective complaints and the reasons the ALJ found that her complaints were not fully credible. (A.R. 16-18). Credibility determinations concerning a claimant's subjective complaints is peculiarly within the province of the ALJ. *See, e.g.*, *Gooch v. Secretary of Health & Human Servs.*, 833 F.2d 589, 592 (6th Cir. 1987). It is well established that the ALJ cannot rely solely upon his observations at the hearing in resolving a claimant's subjective complaints. *See Weaver v. Secretary of Health & Human Servs.*, 722 F.2d 310, 312 (6th Cir. 1983). However, it is equally well established that an ALJ "may distrust a claimant's

allegations of disabling symptomatology if the subjective allegations, the ALJ's personal observations, and the objective medical evidence contradict each other." *Moon v. Sullivan*, 923 F.2d 1175, 1183 (6th Cir. 1990); *see Lucido v. Commissioner*, 109 F. App'x 715, 716-17 (6th Cir. 2004) The ALJ found that plaintiff's testimony claiming that she suffered from disabling symptoms was inconsistent with the objective medical evidence and plaintiff's daily activities (A.R. 18). The ALJ may properly comment on a claimant's demeanor at the hearing. *See Allen v. Commissioner*, 561 F.3d at 652 ("An ALJ's findings based on the credibility of the applicant are to be accorded great weight and deference, particularly since an ALJ is charged with the duty of observing a witness's demeanor and credibility."). It was entirely appropriate for the ALJ to take plaintiff's daily activities into account in making his credibility determination. *See Cruse v. Commissioner*, 502 F.3d 532, 542 (6th Cir. 2007); *Blacha v. Secretary of Health & Human Servs.*, 927 F.2d 228, 231 (6th Cir. 1990); *see also Cox v. Commissioner*, 295 F. App'x 27, 33-34 (6th Cir. 2008). Plaintiff's arguments do not provide a basis for disturbing the Commissioner's decision.

**3.**

Plaintiff argues that the Commissioner's decision is not supported by substantial evidence because the ALJ was bound by the VE's response to a hypothetical question which assumed that all plaintiff's subjective complaints were fully credible. (Plf. Brief at 17). It is well settled that a hypothetical question to a VE need not include unsubstantiated complaints. *See Casey v. Secretary of Health & Human Servs.*, 987 F.2d 1230, 1235 (6th Cir. 1993); *see also Anthony v. Astrue*, 266 F. App'x 451, 461 (6th Cir. 2008). The ALJ found that plaintiff's subjective complaints

were not fully credible. The ALJ was not bound in any way by a VE's response to a hypothetical question incorporating a contrary assumption. I find no error.

### **Recommended Disposition**

For the reasons set forth herein, I recommend that the Commissioner's decision be affirmed.

Dated:  September 1, 2009           /s/  Joseph G. Scoville
                                                            United States Magistrate Judge

### **NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *McClanahan v. Commissioner*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *Spencer v. Bouchard*, 449 F.3d 721, 724-25 (6th Cir. 2006); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).